UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

MICHELLE TEREFENKO, :
       Plaintiff, :
        :
    v. : No. 5:19-cv-03511
        :
ANDREW M. SAUL, *COMMISSIONER* :
*OF SOCIAL SECURITY ADMINISTRATION*, :
       Defendant. :

**O R D E R**

**AND NOW**, this 8th day of June, 2020, upon consideration of Plaintiff's Complaint, ECF No. 2; Defendant's Answer, ECF No. 9; the Administrative Record, ECF No. 10; Plaintiff's Brief and Statement of Issues in Support of Request for Review, ECF No. 11; Defendant's Response to Request for Review, ECF No. 12; Plaintiff's Reply, ECF No. 13; the Report and Recommendation ("R&R") of United States Magistrate Judge Henry S. Perkin recommending that, consistent with the Third Circuit Court of Appeal's decision in *Cirko ex rel. Cirko v. Comm'r of Soc. Sec.*, Nos. 19-1772, 19-1773, 2020 U.S. App. LEXIS 2055, at *1 (3d Cir. Jan. 23, 2020), the case be remanded for a new administrative hearing before a constitutionally appointed administrative law judge, ECF No. 15; Defendant's objections to the R&R, preserving its arguments while appellate review of *Cirko* was pending, ECF No. 23; Plaintiff's Response in opposition to the objections, ECF No. 24; Defendant's status report stating that appellate review of *Cirko* has concluded and that it "does not contend *Cirko* does not apply to this case," ECF No. 25; and Defendant's motion to withdraw its objections, ECF No. 27; **IT IS ORDERED THAT**:

    1.    The Report and Recommendation, ECF No. 15, is **APPROVED and ADOPTED**.[1]

---

[1] When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 152 (1985). Nevertheless, the United States Court of Appeals for the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied* 484 U.S. 837 (1987). "When no objections are filed, the district court need only review the record for plain error or manifest injustice." *Harper*

2.	Plaintiff's Request for Review, ECF No. 11, is **GRANTED**, and the decision of the Commissioner of the Social Security Administration is **REVERSED** to the extent that the matter is **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendation.

3.	Defendant's motion to withdraw its objections, ECF No. 27, is **GRANTED**.

4.	This case is **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*  
JOSEPH F. LEESON, JR.  
United States District Judge

---

*v. Sullivan*, No. 89-4272, 1991 U.S. Dist. LEXIS 2168, at *2 n.3 (E.D. Pa. Feb. 22, 1991). *See also Hill v. Barnacle*, No. 15-3815, 2016 U.S. App. LEXIS 12370, at *16-17 (3d Cir. 2016) (holding that even when objections are filed, district courts "are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)"); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (explaining that in the absence of a timely objection, the court should review the magistrate judge's report and recommendation for clear error). "A 'plain' error is one that is 'clear' or 'obvious.'" *Gov't of the V.I. v. Lewis*, 620 F.3d 359, 364 (3d Cir. 2010). The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

The Court does not find any plain error in the Magistrate Judge's proposed factual findings or legal conclusions.